Catron, Ch. J.
In August, 1816, John Den, on the demise oí Edwin Hi clonan, brought an ejectment against Richard Fen for two hundred and twenty-eight acres of land, beginning at a poplar, south two hundred and twenty-six poles; east one hundred and sixty-one and a half poles; north two hundred and twenty-six poles; west one one hundred and sixty-one poles, to' the beginning; laying his demise from the 1st of January, 1816, and the eviction 2d January, 1816.
A notice was served on James Chaney, as tenant in possession, to appear and defend. At the return term, (August, 1816) Adam Dale was admitted as defendant instead of R. Fen; and the tenant in possession gave security for costs, confessed lease, entry and ouster as alleged; agreed to rely on the title only on the trial, pleaded not guilty, and issue was thereon joined.
At October term of Smith circuit court, 1825, the cause was finally tried. The jury found the issue for the plaintiff; whereupon it was adjudged that the plain tiff recover against the defendant Dale, his term yet to come in and to the tract of land with the appurtenances in his declaration mentioned, and his costs of suit.
From this judgment, Dale appealed in error to the supreme court, where the judgment was affirmed. The bill of exceptions shows Dale defended for the whole land, and fully tried the merits of his title with Hickman.
Hickman having recovered the whole land against Dale, a writ of possession issued to the sheriff of Smith county, reciting that Hickman had recovered of Dale two hundred and twenty-six acres of land, lying and bounded as in the declaration and judgment described, to wit, beginning at a poplar south two hundred and twenty-six poles to two beaches; east one hundred and sixty-one and a half poles to a stake; thence north two hundred and twenty-six poles to a stake; thence west one hundred and sixty-one poles to the beginning; £cwe therefore command you (says the writ) to cause the said Edwin *151 Hickman’s lessee to be put into quiet and peaceable possession of the above described tract of land, together with the appurtenances according to law. Herein fail not,” &c.
Dale had several tenants on the land, all of whom the sheriff turned off by virtue of this writ. The tenants are not complaining, but Dale complains by petition, alleging that in 1816, when the suit was brought, he had three tenants on the land, in the occupation of three different farms, to wit, James Chaney, Moses Garrison and Levi Garrison, none of whom were sued except Chaney. That part of the plantation of which Levi Garrison had possession when suit was brought, he, Dale, by his tenants, had had uninterrupted possession ever since, and that Lewis Parker and Ezariah Garrison had been turned out by the sheriff, who were his tenants; and he prays for a writ of restitution for the farm in the possession of Levi Garrison when suit was brought. The defendants Parker and Ezariah Garrison had been in only a few months before they were turned out by the sheriff, and wore avowedly Dale’s tenants, and holding for him.— The writ of possession was the sheriff’s authority. It commanded him to give quiet and peaceable possession to the plaintiff, Hickman’s lessee. He found trespassers on the land, who had come in pending the litigation; indeed long after the judgment was rendered, and who, prima facie, were subject to be put out. Hickman declared for the whole laud; Dale defended by his plea, and on the trial for the whole land, Hickman, by the verdict and judgment, recovered the whole, and the writ of possession pursued the judgment. Although Chaney’s name is in the caption of this cause, he never in fact was a party to it. Í can find no instance where a defendant has taken upon himself to defend for the whole premises declared for, that he has been permitted to say ho was not sued for part. The assertion plainly contradicts the defence and the judgment. Had Dale come in and do *152 fended jointly with Chaney, the same consequences would ensued as to Chaney and Dale. How could Chaney come in and say, he wished to be restored to part? Say Dale is just so far liable as Chaney yrould have him, had he defended, and how is it? Chaney could not deny that he was guilty of the trespass and ejectment for the whole land. If Dale intended to defend for less than the whole, only for the lease holden by Chaney, he should have done so by his plea, and surrendered the residue to Hickman. Runnington on Ejectment, ch. 9.
What was recovered from Dale: the right of personally evicting Dale? Not at all. He never was in possession save by his tenants. Where the landlord defends instead of the tenant, judgment formerly was entered against the casual ejector for the whole lands, so that those in possession might be turned out, and the lessor of the plaintiff put in. Runnington, 120. But now the landlord (as here) defends for the casual ejector, tries the whole title, and if a recovery is had, he cannot gainsay the truth of the judgment, that the lessor of the plaintiff has the better right. Truly, a third person not sued, against whom the record is no evidence-, may come in and show he has a right of possession, of which he has been ousted, and ask to be restored; but it is because he is not concluded by the record. Dale’s younger grant is merely void. He had no right to trespass on the land of Hickman, no right to aid others to do so. He defended by virtue of every title that existed opposed to Hickman’s, and defended for every part of the land recovered. This as a matter of law and fact the record proves. Dale has no right to complain, whatever right others not parties to this suit may have. The sheriff could not be a trespasser on Dale. This is the complaint and, the trespass asked to be rectified in a summary way. The writ commanded the sheriff, as against Dale, to put Hickman into possession of the whole land described in the writ. As to others, not parties to the *153 suit, and in possession before it was brought, or those claiming under them, they could not be ousted of their possession, because their distinct titles had not been tried; but not so of tenants coming in under Dale, the landlord, pending the suit. They are bound by the judgment on bis title. Runnington, 151-2. The motion will be refused.
Peck, J. concurred.